# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| McCARTHY BUILDING COMPANIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>RE ROSEROCK, LLC; ARRAY TECHNOLOGIES, INC.; CANADIAN SOLAR (USA), INC.; XL INSURANCE AMERICA, INC.; and NORTH AMERICAN ELITE INSURANCE COMPANY,<br><br>Defendants. | § § § § § § § § § § § § § | CASE NO. 1:17-cv-489 |

---

## McCARTHY BUILDING COMPANIES, INC.'S COMPLAINT FOR (1) BREACH OF CONTRACT; (2) FORECLOSURE OF STATUTORY AND CONSTITUTIONAL MECHANIC'S LIEN;(3) EXPRESS INDEMNITY; (4) EQUITABLE INDEMNITY; AND (5) DECLARATORY RELIEF

---

Plaintiff, McCARTHY BUILDING COMPANIES, INC., alleges the following:

## PARTIES

1. Plaintiff McCARTHY BUILDING COMPANIES, INC. (hereinafter "McCarthy") is a Missouri Corporation having its principal place of business in Missouri.

2. McCarthy is informed and believes and based thereon alleges that defendant RE ROSEROCK, LLC (hereinafter "Roserock") is a Delaware Limited Liability Company having its principal place of business in Texas. Roserock may

---

McCARTHY BUILDING COMPANIES, INC.'S COMPLAINT Page 1
TEXAS-#147008v1-

be served with process by serving its registered agent as follows: RE Roserock, LLC, c/o Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. McCarthy is informed and believes and based thereon alleges that SOUTHERN POWER COMPANY (hereinafter "Southern") is a member of Roserock and is a Delaware Corporation having its principal place of business in Georgia.

4. McCarthy is informed and believes and based thereon alleges that RECURRENT ENERGY, LLC (hereinafter "Recurrent") is a member of Roserock and is a Delaware Limited Liability Company having its principal place of business in California.

5. McCarthy is informed and believes and based thereon alleges that defendant ARRAY TECHNOLOGIES, INC. (hereinafter "ATI") is a New Mexico Corporation having its principal place of business in New Mexico. ATI may be served with process by serving its registered agent as follows: Array Technologies, Inc., c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. McCarthy is informed and believes and based thereon alleges that defendant CANADIAN SOLAR (USA), INC. (hereinafter "CSI") is a Delaware Corporation having its principal place of business in Canada. CSI may be served

with process by serving its registered agent as follows:  Canadian Solar (USA),

Inc., c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange

Street, Wilmington, Delaware 19801.

7.      McCarthy is informed and believes and based thereon alleges that

defendant XL INSURANCE AMERICA, INC. (hereinafter "XL") is a Delaware

Corporation having its principal place of business in Connecticut.  XL may be

served with process by serving its registered agent as follows:  XL Insurance

America, Inc., c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas,

Texas 75201-3136.

8.      McCarthy is informed and believes and based thereon alleges that

defendant NORTH AMERICAN ELITE INSURANCE COMPANY (hereinafter

"Swiss Re") is a New Hampshire Corporation having its principal place of

business in New Hampshire.  Swiss Re may be served with process by serving its

registered agent as follows:  North American Elite Insurance Company, c/o CT

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over the subject matter of the Complaint

pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum of

$75,000 and there is complete diversity between Plaintiff McCarthy and all

defendants as delineated in paragraphs 1 through 8 above.  This Court has personal

jurisdiction over the parties named herein because the parties have transacted business within this state and have engaged in sufficient contacts with the State of Texas.

10.     All acts and events alleged in this Complaint occurred in the State of Texas, County of Pecos.  This action is therefore based on claims that arose within this judicial district.  Venue lies in this district pursuant to 28 U.S.C. §1391(b)(2). In addition, the Roserock – McCarthy Engineering, Procurement and Construction Agreement ("EPC Agreement") contains a venue clause delineating Federal Court of the United States sitting in or for Travis County, Texas.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

### The Roserock Solar Farm Project

11.     On January 30, 2015, McCarthy entered into the EPC Agreement with Roserock to furnish the design, engineering, construction, testing and startup and to perform all related activities to achieve Final Acceptance of a solar power facility located in Pecos County, Texas ("Facility").

12.     The Facility consists of 4 circuits, each with 16 blocks.  Each block is divided into solar arrays, which are comprised of 26 or 27 rows.  Each of the 8,500 rows has 80 mounted panels, bringing the Facility total to 680,000 solar panels ("panels").  The rows are connected through drivelines that produce tilt in the solar panels, which allows the panels to track with the sun.

13.    Roserock chose the location of the Facility.  In addition, Roserock specified the solar panel manufacturer and model number of the solar panels to be utilized at the Facility.  Roserock also procured the solar panels from the manufacturer for McCarthy's installation.

14. CSI    manufactured,    supplied    and    provided    for    the transportation/delivery of the solar panels that were utilized at the Facility. Recurrent, a member of Roserock, is a wholly owned subsidiary of CSI.

15.    On August 27, 2015, McCarthy entered into a Purchase Order with ATI.  The Purchase Order required ATI to supply and design the tracker system, the mounting/racking system for the solar panel arrays and the support structure. The Purchase Order also required that at the outset of the project, ATI would provide McCarthy with construction/installation training for the tracker system, the mounting/racking system and the panels.

16.    XL and Swiss Re (hereinafter "Builders Risk Carriers") each issued a Master Builder's Risk policy (XL policy no. US00070637CA15A and Swiss Re policy no. EGP100001600), identifying McCarthy as a Named Insured (collectively, the "Policy").  The Policy provides insurance coverage for, *inter alia*, the Facility for which McCarthy was hired by Roserock, for the period from September 2, 2015 to November 30, 2016, up to the total value of the Facility at the time of loss of $296,725,554, including Delay in Completion coverage.

## McCarthy's Claim against Roserock

17.     McCarthy completed its construction of the Facility and achieved substantial completion in late October 2016.  Shortly thereafter, Roserock placed the completed Facility online.

18.     Despite the facts that McCarthy completed the construction of the Facility and performed all of its contractual obligations, Roserock has wrongfully withheld, has refused to pay and continues to refuse to pay McCarthy $26,445,979.43 in progress payments and retainage owed by Roserock to McCarthy for the completion of the Facility.

## Roserock's Workmanship Claim against McCarthy

19.     Roserock has asserted a warranty claim against McCarthy related to certain workmanship concerns including, but not limited to, the use of rubber mallets to align panel frames within mounting brackets, bending/twisting of panels during installation, and improper transportation of panels onsite. These alleged workmanship concerns have allegedly resulted in fractures/cracks of individual panel cells and other panel damage.

20.     McCarthy denies Roserock's allegations that alleged workmanship concerns constitute non-compliant work and/or violate the warranty provision or any other provision of the EPC Agreement.

## Hail Damage Claim - Builders Risk Carriers

21.     On June 25, 2016, a severe hailstorm impacted the Facility.  At the time of the hailstorm, the Facility was not completed and the storm only impacted portions of circuits 1 and 2 and a small part of circuit 3.  This *force majeure* event resulted in panels sustaining broken glass, frame dents, and damage to individual panel cells.

## McCarthy's Tenders to the Builders Risk Carriers

22.     On May 27, 2016, McCarthy timely provided notice of Roserock's workmanship claim to the Builders Risk Carriers.  In connection with the workmanship claim, McCarthy submitted $434,872 in costs McCarthy incurred inspecting and investigating Roserock's workmanship claim.

23.     On July 12, 2016, McCarthy timely provided notice of Roserock's hail claim to the Builders Risk Carriers.  In connection with the hail claim, McCarthy submitted $102,959 in costs McCarthy incurred inspecting and investigating Roserock's hail claim.

24.     On or about March 15, 2017, Roserock submitted a claim to the Builders Risk Carriers, in the amount of $46,971,227.75, for alleged damages related to the June 25, 2016 hail event (the "Roserock Hail Claim").

25.     On or about May 12, 2017, Roserock submitted a claim to the Builders Risk Carriers, in the amount of $82,233,881.28, for alleged damages

related to McCarthy's alleged workmanship concerns including, but not limited to, the use of rubber mallets to align panel frames within mounting brackets, bending/twisting of panels during installation, and improper transportation of panels onsite (the "Roserock Workmanship Claim").

26.  To date, the Builders Risk Carriers have failed to acknowledge that McCarthy's claims, the Roserock Hail Claim or the Roserock Workmanship Claim are covered under the Policy.

### Dispute Resolution Protocol in the EPC Agreement

27.  Article 16.3 of the EPC Agreement contains a Dispute Resolution Protocol which requires Roserock and McCarthy to first attempt resolution of any dispute by negotiations between their respective senior management.  To that end, a senior management meeting was held between Roserock and McCarthy in early January 2017 to discuss resolution.  Resolution was not reached during this meeting.

28.  Further, the Dispute Resolution Protocol in the EPC Agreement provides that if a dispute is not resolved within thirty (30) days of the delivery of any senior management notice, either party may, by written notice to the other party, refer the issues set forth in the senior management notice to mediation. McCarthy gave written notice of its request for mediation on March 23, 2017.  A mediation took place between Roserock and McCarthy on May 5, 2017.

Resolution was not reached during the mediation.

29.    Finally, the Dispute Resolution Protocol in the EPC Agreement provides that if the parties are unable to resolve their dispute through mediation within sixty (60) days following the mediation notice, then either party may pursue any other remedy available at law or in equity, including liens, with respect to those issues set forth in the mediation notice.  This Complaint was filed at least sixty (60) days after McCarthy gave written notice of its request for mediation.

30.    Consequently all requirements set forth in the Dispute Resolution Protocol in the EPC Agreement were adhered to by McCarthy prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Contract against Roserock)

31.    The allegations in paragraphs 1 through 30, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

32.    On January 30, 2015, McCarthy entered into the EPC Agreement with Roserock to furnish the design, engineering, construction, testing and startup and to perform all related activities to achieve Final Acceptance of the Facility.

33.    McCarthy completed the construction of the Facility and achieved substantial completion in late October 2016.  Shortly thereafter, Roserock placed the completed Facility online.  Despite the fact that McCarthy completed the

construction of the Facility, Roserock has wrongfully withheld, has refused to pay and continues to refuse to pay McCarthy the $26,445,979.43 in progress payments and retainage it is owed for the completion of the Facility.

34.     McCarthy has fully performed and complied with all covenants, conditions, and promises required of McCarthy in accordance with the terms and conditions of the EPC Agreement.

35.     Roserock has breached the EPC Agreement by failing to pay McCarthy the $26,445,979.43 in progress payments and retainage owed by Roserock to McCarthy for the completion of the Facility as required pursuant to Article 5.4(c) of the EPC Agreement.

36.     As a direct and proximate cause of Roserock's breach of its contractual obligations, McCarthy has been damaged in the amount of $26,445,979.43, which represents the total amount of progress payments and retainage owed to McCarthy for the completion of the Facility.  McCarthy is further entitled to an award of prejudgment interest at the highest legal rate per annum on the unpaid and past due balance.

## SECOND CAUSE OF ACTION

### (Foreclosure of Statutory and Constitutional Mechanic's Liens against Roserock)

37.     The allegations in paragraphs 1 through 30, inclusive, are re-alleged

and incorporated herein by this reference as though set forth in full herein.

38.     On March 2, 2017, McCarthy filed an affidavit wherein it claimed a statutory mechanic's lien against the Facility in the amount of $26,445,979.43, representing the total amount of progress payments and retainage owed to McCarthy for its completed work on the Facility.  McCarthy's affidavit claiming a lien also claimed a constitutional mechanic's lien under Article XVI §37 of the Texas Constitution against the same property for the same unpaid sum.  The affidavit claiming a lien was filed within the statutory time period prescribed in Chapter 53 of the Texas Property Code and in compliance with the Texas Constitution.

39.     On March 7, 2017, the affidavit claiming a lien was sent to Roserock by certified mail pursuant to the provisions of Chapter 53 of the Texas Property Code.

40.     At the time McCarthy filed the affidavit claiming a lien, the amount of $26,445,979.43 remained owing and unpaid.

41.     McCarthy seeks a judicial foreclosure of the constitutional and statutory mechanic's liens upon the Facility and the sale of the real property with the proceeds of said sale applied to pay McCarthy the principal sum of $26,445,979.43.  McCarthy is further entitled to the fees and costs incurred for preparing and filing the affidavit as well as any attorney's fees incurred to

foreclose the lien.

## THIRD CAUSE OF ACTION

### (Express Indemnity against ATI)

42.     The allegations in paragraphs 1 through 30, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

43.     As referenced above, Roserock has made a claim related to certain alleged McCarthy workmanship concerns including, but not limited to, McCarthy's use of rubber mallets to align panel frames within mounting brackets, bending/twisting of panels during installation, and improper transportation of panels onsite, all of which Roserock alleges has resulted in fractures/cracks of individual panel cells and/or other panel damage.

44.     McCarthy has denied, and continues to deny, that it is in any way in breach of any implied or express warranties, in breach of contract, and/or otherwise negligent, whether as asserted by Roserock or otherwise, or that any acts of McCarthy proximately resulted in injury or damage to Roserock or the Facility, whether as asserted by Roserock or otherwise.

45.     However, in the event McCarthy is held liable to Roserock and/or any other party for any injuries and/or damages, said liability results from the sole active and primary fault of ATI, which fault is the proximate cause of any injuries or damages sustained.

46.    ATI expressly agreed to indemnify McCarthy in its Purchase Order with McCarthy dated August 27, 2015.  The Purchase Order provides in pertinent part as follows:

"**19. INDEMNITY**. To the fullest extent permitted by law, Seller shall indemnify, defend and hold harmless purchaser, the owner, the architect and all of their parents, subsidiaries, affiliates, agents, officers and employees from and against all claims, damages, losses, penalties, intellectual property law violations, and expenses, including, but not limited to, attorney's fees and court costs, arising out of, or resulting from the performance, or failure in performance, of Seller's work and obligations as provided in the contract documents, including extra work, and from any claim, damage, loss or expense which is attributable to bodily injury, sickness, disease, death, injury to or destruction of tangible property including the loss of use resulting therefrom, arising or alleged to arise out of or in any way related to this agreement or Seller's performance of Seller's work or other activities of Seller; provided, however such indemnity obligations shall only apply to the extent caused in whole or in part by the negligence or fault, the breach of violation of a statute, ordinance, governmental regulation, standard, or rule, breach of contract by Seller or anyone directly or indirectly employed by Seller or anyone for whose acts Seller maybe liable, such obligations shall not be construed to negate, abridge or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any part or person described in this paragraph 19 ...

18.2  The prevailing party in any legal action (Including arbitration, if required) between the parties relating to this Purchase Order shall recover from the other party reasonable legal costs, including attorneys' and consultants' fees, in connection with such action.  The prevailing party is a party who recovers at least 75% of

> its total claims in such action or who is required to pay
> no more than 25% of the other party's total claims in
> such action."

47.     McCarthy is informed and believes and based thereon alleges that the damage allegedly caused to the panels, if any, arising out of Roserock's alleged workmanship concerns arose out of and/or resulted from ATI's instruction, at the onset of construction, on acceptable procedures and techniques for installation of the panels.    McCarthy relied upon and followed ATI's instructions for the installation of the panels.

48.     McCarthy has made a demand that ATI defend, indemnify and hold harmless McCarthy for any sums paid by McCarthy for the damage caused by ATI's instruction on acceptable procedures and techniques for installation of the panels.

49.     In addition, McCarthy has incurred costs in defense of Roserock's claims, including, but not limited to, attorney's fees and costs and has made a demand that ATI defend, indemnify, and hold harmless McCarthy for all damages incurred to date.

50.     ATI has failed, refused, and continues to fail and refuse to defend, indemnify, release, and hold harmless McCarthy.

51.     By reason of the foregoing, pursuant to the terms of the Purchase Order, McCarthy is entitled to express indemnity from ATI for all of McCarthy's

damages, including attorney's fees and costs, in any way related to ATI's instruction on acceptable procedures and techniques for installation of the panels.

## FOURTH CAUSE OF ACTION

### (Equitable Indemnity against ATI and CSI)

52.     The allegations in paragraphs 1 through 30, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

53.     Roserock has alleged that McCarthy's improper workmanship caused damage to the panels at the Facility.

54.     McCarthy is informed and believes and based thereon alleges that the damage allegedly caused to the panels, if any, arising out of Roserock's alleged workmanship concerns arose out of and/or resulted from ATI's instruction on acceptable procedures and techniques for installation of the panels.  McCarthy relied upon and followed ATI's instructions for the installation of the panels.

55.     McCarthy is also informed and believes and based thereon alleges that any alleged damage to the panels is the direct result of CSI's manufacturing deficiencies, storage practices and transportation of the panels to the Facility.

56.     McCarthy has denied, and continues to deny, that it was in any way in breach of any implied or express warranties, in breach of contract, and/or otherwise negligent, whether as asserted by Roserock or otherwise, or that any acts of McCarthy proximately resulted in injury or damage to Roserock or the Facility,

whether as asserted by Roserock or otherwise.

57.     However, in the event McCarthy is held liable to Roserock and/or any other party for any injuries and/or damages, said liability results from the sole active and primary fault of ATI and CSI, which fault is the proximate cause of any injuries or damages claimed by Roserock.  If McCarthy is found in any way responsible for the damages allegedly sustained by Roserock, in equity and in good conscience, the liability of McCarthy should be in direct proportion to its respective degree of fault, if any, compared to that of ATI and CSI.

58.     By reason of the foregoing, McCarthy is entitled to equitable indemnity from ATI and CSI in proportion to the parties' respective fault.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief against the Builders Risk Carriers)

59.     The allegations in paragraphs 1 through 30, inclusive, are re-alleged and incorporated herein by this reference as though set forth in full herein.

60.     For good and valuable consideration, the Builders Risk Carriers each issued the Policy.  The Policy provides insurance coverage for, *inter alia*, the Facility for which McCarthy was hired by Roserock, for the period from September 2, 2015 to November 30, 2016, up to the total value of the Facility at the time of loss of $296,725,554, including Delay in Completion coverage.

61.     The Policy insured against all risks of direct physical loss of or direct physical damage to insured property during the period of insurance.

62.     On May 27, 2016, McCarthy timely provided notice of Roserock's workmanship claim to the Builders Risk Carriers.   In connection with the workmanship claim, McCarthy submitted $434,872 in costs McCarthy incurred inspecting and investigating Roserock's workmanship claim.

63.     On July 12, 2016, McCarthy timely provided notice of Roserock's hail claim to the Builders Risk Carriers.   In connection with the hail claim, McCarthy submitted $102,959 in costs McCarthy incurred inspecting and investigating Roserock's hail claim.

64.     On or about March 15, 2017, Roserock submitted to the Builders Risk Carriers the Roserock Hail Claim in the amount of $46,971,227.75.

65.     On or about May 12, 2017, Roserock submitted to the Builders Risk Carriers the Roserock Workmanship Claim in the amount of $82,233,881.28.

66.     To date, the Builders Risk Carriers have failed to acknowledge that McCarthy's claims, the Roserock Hail Claim or the Roserock Workmanship Claim are covered under the Policy.

67.     A dispute has arisen and an actual controversy exists between McCarthy and the Builders Risk Carriers relating to their respective legal rights and obligations under the Policy and whether McCarthy's claims, the Roserock

Hail Claim or the Roserock Workmanship Claim are covered thereunder.

68.     McCarthy contends that, pursuant to the terms of the Policy, its and Roserock's respective claims, including all costs and expenses relating to inspecting, investigating and repairing the damage to the Project, are covered under the Policy.

69.     McCarthy is informed and believes and based thereon alleges that the Builders Risk Carriers dispute the above-alleged contentions.

70.     McCarthy hereby requests a judicial determination of the rights and duties of McCarthy and the Builders Risk Carriers under the Policy and specifically seeks an adjudication that all of the costs McCarthy and Roserock have incurred and will continue to incur to inspect, investigate, and repair the damage to the Project are covered under the Policy.

## DEMAND FOR JURY TRIAL

71.     McCarthy hereby demands a jury trial on all triable issues.

## RELIEF SOUGHT

WHEREFORE, McCarthy prays for judgment against Roserock, ATI, CSI and the Builders Risk Carriers as follows:

1.     Enter judgment for McCarthy on all causes of action named herein;

2.     For the first and second cause of action, an award of damages in the amount of $26,445,979.43 against Roserock, representing the outstanding amount

in progress payments and retainage owed by Roserock to McCarthy for its completed work on the Facility;

3.     For the first cause of action, prejudgment interest at the highest legal rate per annum on the unpaid and past due balance of $26,445,979.43;

4.     For the second cause of action, fees and costs incurred for preparing and filing the affidavit claiming a  lien on the Facility as well as any attorney's fees costs incurred to foreclose the lien against Roserock;

5.     For the third cause of action judgment against ATI in any sum or amount paid by McCarthy for the damage caused by ATI's instruction on proper installation procedures and techniques for the panels;

6.     For the third cause of action, reasonable attorneys' fees and costs incurred in defending McCarthy against Roserock's claims and in the prosecution of this Complaint in an amount to be proven at the time of trial against ATI;

7.     For the fourth cause of action, judgment against ATI and CSI for equitable indemnity in proportion to their respective fault;

8.     For the fifth cause of action, a declaration of the rights, duties and obligations of McCarthy and any other insured(s) under the Policy against the Builders Risk Carriers; and

9.     For such other and further relief as the Court deems just and proper.

DATED _____, 2017.

George C. Baldwin (TX SBN 01625020)
Peckar & Abramson, P.C.
111 Congress Avenue, Suite 1010
Austin, Texas 7871
(512) 275-1786; Fax (512) 236-0682
gbaldwin@pecklaw.com

Michael J. O'Connor, Esq. (CA SBN90017)
(*pro hac vice* application forthcoming)
Melanie McDonald, Esq. (TX SBN 13555200)
Kelley Drye & Warren LLP
515 Post Oak Blvd., Ste 900
Houston TX 77027
(713) 355-5000; Fax (714) 355-5001
moconnor@kelleydrye.com
mmcdonald@kelleydrye.com

Attorneys for Plaintiff, McCARTHY BUILDING COMPANIES, INC.

DATED May 22, 2017.

_/s/ George C. Baldwin_
George C. Baldwin (TX SBN 01625020)
Peckar & Abramson, P.C.
111 Congress Avenue, Suite 1010
Austin, Texas 7871
(512) 275-1786; Fax (512) 236-0682
gbaldwin@pecklaw.com

Michael J. O'Connor, Esq. (CA SBN90017)
(_pro hac vice_ application forthcoming)
Melanie McDonald, Esq. (TX SBN
13555200)
Kelley Drye & Warren LLP
515 Post Oak Blvd., Ste 900
Houston TX 77027
(713) 355-5000; Fax (714) 355-5001
moconnor@kelleydrye.com
mmcdonald@kelleydrye.com

Attorneys for Plaintiff, McCARTHY
BUILDING COMPANIES, INC.

| Summary report: Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on 5/17/2017 12:26:12 PM | |
|---|---|
| **Style name:** KDW Default | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**dm://LA01/736571/6 | |
| **Modified DMS:** dm://LA01/736571/7 | |
| **Changes:** | |
| Add | 2 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 5 |